IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Eunice Randolph, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 7602 |
| North Star Capital Acquisition, LLC, a Minnesota limited liability company, and National Management Recovery Corp., a Florida corporation, | ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Eunice Randolph, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Eunice Randolph ("Randolph"), is a citizen of the State of Kentucky, from whom Defendants attempted to collect a delinquent consumer debt owed to Citibank, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities

program ("LASPD"), located in Chicago, Illinois.

4. Defendant, North Star Capital Acquisition, LLC ("North Star"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. North Star operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant North Star is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendant National Management Recovery Corp.

6. Defendant North Star is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, <u>see</u>, record from the Illinois Secretary of State, attached as Exhibit <u>A</u>. In fact, Defendant North Star conducts business in Illinois.

7. Defendant North Star is licensed as a debt collection agency in the State of Illinois, <u>see</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>B</u>. In fact, Defendant North Star acts as a collection agency in Illinois.

8. Defendant, National Management Recovery Corp. ("NMRC"), is Florida corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. NMRC collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

9. Defendant NMRC is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit C. In fact, Defendant NMRC conducts business in Illinois.

10. Defendant NMRC is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit D. In fact, Defendant NMRC acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

11. Ms. Randolph is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed to Citibank. At some point in time after that debt became delinquent, it was bought by Defendant North Star, and when North Star began trying to collect this debt from Ms. Randolph, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and North Star's collection actions.

12. Specifically, Defendant North Star hired debt collectors, Zenith Acquisition Corp. ("Zenith") and Wyse Financial Services, Inc. ("Wyse") to demand payment of the Citibank/North Star debt from Ms. Randolph. Accordingly, on March 17, 2010, one of Ms. Randolph's attorneys at LASPD informed Defendant North Star, through its agents, Zenith and Wyse, that Ms. Randolph was represented by counsel, and directed North Star to cease contacting her, and to cease all further collection activities because Ms. Randolph was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of these letters and fax confirmations are attached as Exhibits E and F.

13. Undeterred, Defendant North Star then had Defendant NMRC attempt to collect the debt by having its debt collector, "Thomas Kent", call on June 28, 2010, to

demand a settlement on the Citibank/North Star debt.

14. Accordingly, on July 2, 2010, Ms. Randolph's LASPD attorneys had to demand, once again, that Defendants cease their collection attempts. Copies of this letter and fax confirmation are attached as Exhibit G.

15. Nonetheless, Defendants sent a collection letter, dated September 8, 2010, which demanded payment of the Citibank/North Star debt. A copy of this collection letter is attached as Exhibit H.

16. Accordingly, on October 27, 2010, Ms. Randolph's LASPD attorneys again had to send Defendants a letter, to demand that they cease collections. Copies of this letter and fax confirmation are attached as Exhibit I.

17. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

18. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letter from Ms. Randolph's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate

4

regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

21. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Eunice Randolph, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Randolph, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Eunice Randolph, demands trial by jury.

Eunice Randolph,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 29, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com