IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EUNICE RANDOLPH,                        )
                                        )
        Plaintiff,                    )
                                        )
   v.                                   )   No. 10 C 7602
                                        )
NORTH STAR CAPITAL ACQUISITION,         )
LLC, a Minnesota limited liability      )
company, and NATIONAL MANAGEMENT        )
RECOVERY CORP., a Florida               )
corporation                             )
        Defendants.                   )

MEMORANDUM OPINION AND ORDER

Philipps & Philipps have done it again -- their Chicago law firm has brought still another lawsuit under the Fair Debt Collection Practices Act ("Act") that has no Northern District of Illinois orientation except for the location of the law firm's offices. Plaintiff Eunice Randolph ("Randolph") is a Kentucky citizen who was allegedly targeted by New-York-based North Star Capital Acquisition, LLC, which assertedly caused debt collectors Zenith Acquisition Corporation (located in New York) and Wyse Financial Services Inc. (located in Colorado) to follow up with collection efforts. Finally, National Management Recovery Corp. (located in Florida) assertedly utilized an individual debt collector to pursue Randolph.

According to the current Amended Complaint,[1] all of those

---

[1] Randolph's counsel filed the original Complaint on November 29, followed immediately by an Amended Complaint filed on November 30.

debt collection activities were undertaken even though the debt collectors were notified that Randolph was represented by counsel. That then is said to state a claim under the Act.

Just two weeks ago this Court issued a memorandum opinion and order in <u>Stewart v. The Brachfeld Law Group</u>, Case No. 10 C 7305, 2010 WL 4683530(N.D. Ill. Nov. 16) brought by the same law firm under the same unrelated-to-Illinois circumstances. What was said there (adopted just a bit) could well have been written for this case:

> So this action obviously has nothing to do with Illinois at all, except for the irrelevancy that the law firm filing it is sited here. All the exhibits give the lie to Complaint ¶2, which purports to ground venue in this judicial district:
>
>> Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants transact business here.
>
> But no "part of the acts and transactions occurred here" in any real-world sense -- indeed, that is exposed even more glaringly when the actual venue requirement of 28 U.S.C. § 1391(b) ("a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred") is substituted for the above-quoted paraphrase in Complaint ¶2. And as for the allegation that "Defendants transact business here," unquestionably <u>no</u> business at all was transacted by defendants in this district.
>
> In short, it seems clear that the law firm representing [Randolph] has blatantly violated its obligations under Fed.R.Civ.P ("Rule") 11(b). Although this Court is disinclined to pursue the sanctions authorized by Rule 11(c) in response to what has taken place here, at a minimum this action must be dismissed, and it is so ordered.
>
> This dismissal is of course without prejudice to the possible reassertion of [Randolph's] claim in an appropriate forum. But in the meantime her counsel is ordered (1) to impose no charge for either its services or the expenses involved in filing this action, (2) to send a copy of this

> memorandum opinion and order to [Randolph] with a letter
> stating that it has complied with this no-charge order and
> (3) to send a copy of that forwarding letter to this Court
> (purely for information and not for filing).

There is something more to be said. All of the letters notifying the debt collectors that Randolph was represented by counsel were written on a letterhead captioned "Legal Advocates for Seniors and People with Disabilities," which was referred to in the body of the letter as "a nationwide program of the Chicago Legal Clinic, Inc. ["Clinic"], a not-for-profit law office providing low-cost legal services to the public." Although all of that may be wholly aboveboard and legitimate, and although this Court has undertaken no exhaustive effort to look into that characterization, it is unclear whether Clinic is authorized to practice law under Ill. S. Ct. Rule 721 or Rule 730 or some other provision (and it will be noted that the name of the actual lawyers, the Philipps law firm, appeared nowhere until this action was filed and that its relationship to Clinic is unexplained). Accordingly, that law firm is also ordered to provide an explanation to this Court contemporaneously with its transmittal of the letter referred in the excerpt from the Stewart opinion.

Needless to say, this Court holds no brief for the type of Act-violative conduct charged in the Amended Complaint. But in a sense it is all the more important that those who charge others with such violations must themselves be meticulous in terms of

3

their own playing by the rules.  Hence this opinion has included the additional requirement stated in the preceding paragraph.

_____
Milton I. Shadur
Senior United States District Judge

Dated:    November 30, 2010